1   McGREGOR W. SCOTT
    United States Attorney
2
    G. PATRICK JENNINGS
3   Trial Attorney, Tax Division
    U.S. Department of Justice
4   P.O. Box 683
    Ben Franklin Station
5   Washington, D.C.  20044-0683
    Telephone:(202) 307-6648
6   Facsimile:  (202) 307-0054
    guy.p.jennings@usdoj.gov
7
    Attorneys for the United States of America
8
                    IN THE UNITED STATES DISTRICT COURT FOR THE
9
                          EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,              )
                                           )
12              Plaintiff,                  )   Civil No. CIV-S-98-0442 FCD DAD
                                           )
13         v.                              )   FINDINGS AND RECOMMENDATIONS
                                           )
14  LEE D. WIGHT,                          )
    MARJORIE A. WIGHT,                     )
15  SKY ISLAND GROUP,                      )
    REPUBLIC TRUST COMPANY LTD.,           )
16  WAG/NCE COMPANY,                       )
    AMERICAN SECURITIES COMPANY,           )
17  WELLS FARGO BANK,                      )
    TAHOE TITLE GUARANTY COMPANY,          )
18  GMAT MORTGAGE CORPORATION,             )
                                           )
19              Defendants.                )
    _____)
20

21         This action, in which the active defendants are proceeding pro se, was referred to the

22  Magistrate Judge under local rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).   Presently

23  before the Court is the plaintiff's Motion for Order of Judicial Sale and Order Designating

24  Manner of Publication, filed October 17, 2006.  The motion was noticed for hearing, which date

25  was continued at the request of the defendant Lee D. Wight, who wished to seek counsel.  The

26  motion was argued to the Court on February 23, 2007, at 10:00 a.m.  Patrick Jennings

27  appeared by telephone for the United States.  John Maniaci, a non-attorney, appeared for Sky

28  /////

1   Island Group.  No other defendant appeared.  After hearing argument, and for good cause

2   shown, the Court now issues the following findings and recommendations.

3   1.      BACKGROUND

4          The government complaint in this case seeks to reduce federal income tax assessments

5   to judgment and to enforce federal tax liens against two parcels of real property, the Wight

6   residence and the dental office.  The properties are described in the attached proposed Order

7   of Judicial Sale.  On January 4, 2002, this Court entered Judgment by Default against Lee D.

8   Wright, Marjorie A. Wright, Sky Island Group, Republique Trust Company, Ltd., and

9   W.A.G./N.C.E. (the "Judgment" – Docket No. 165.)

10         The Wights filed a motion to set aside the default judgment and the Court denied the

11   motion by Order dated March 7, 2002.  (Docket No. 174.)  The Wights failed to perfect an

12   appeal, and the Judgment is final.

13         The Judgment states that Lee D. Wight owes to the United States federal tax liabilities

14   for 1983-1986 in excess of $4 million and that Marjorie A. Wight owes more than $2 million for

15   the same years.  The Judgment determines that the Wight residence and dental office were

16   owned by the Wights at the time the federal tax liens attached.

17         Although the Wights transferred title to the two properties to the name of Sky Island

18   Group, Republique Trust Company, Ltd., and  W.A.G./N.C.E. Company, the Judgment

19   determines that said defendants are sham entities, nominees, and alter egos of the Wights.

20   The complaint alleges that the mailing address of Sky Island Group was a mailbox rented by

21   Lee D. Wight and Marjorie A. Wight.

22         Sky Island Group, by its alleged trustee, John Maniaci, filed a Motion to Cease and

23   Desist less than two days before the hearing on the Motion for Order of Judicial Sale.  The

24   Motion to Cease and Desist argues, without merit, that the transfers of the subject properties to

25   it occurred before the tax liabilities were incurred.  The United States moved to strike the

26   Motion to Cease and Desist.  The purported trustee, John H. Maniaci, II, is not listed in

27   California as a licensed attorney.

28   /////

1    2.    APPLICATION.

2          The United States' motion to strike the Motion to Cease and Desist filed by John Maniaci

3    for Sky Island Group should be granted.  Maniaci admitted at the hearing that he is not an

4    attorney.  A non-lawyer, such as Maniaci, has no right to represent another entity, i.e., a trust,

5    in a court of the United States.  *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697

6    (9th Cir. 1987); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994);  see,

7    also, *United States v. Stepard*, 876 F. Supp. 214 (D. Ariz. 1994) (motion to strike granted

8    against pro se filer).

9          Sections 7401 through 7403 of the Internal Revenue Code of 1986[1] authorize the

10   government to bring a suit to reduce an unpaid tax assessment to judgment and to foreclose

11   federal tax liens which arise from the assessment.  *E.g., United States v. Rodgers*, 461 U.S.

12   677 (1983).  The United States obtained the Judgment for the tax liabilities and obtained a

13   determination that the subject property was in fact owned by the Wights.

14         Federal District Courts may direct the enforcement of money judgments by judicial

15   sales.   28 U.S.C. § 2001, I.R.C. § 7403;  *Rodgers,* 461 U.S. 692; *United States v. Branch Coal*

16   *Corp*., 390 F.2d 7 (3d Cir.), *cert. denied*, 391 U.S. 966 (1968).  An order of judicial sale under

17   28 U.S.C. § 2001 is an appropriate post-judgment remedy in a foreclosure action concerning

18   federal tax liens. *United States v. Overman*, 424 F.2d 1142 (9th Cir. 1970).

19         The Court notes that the United States has submitted a proposed Order of Judicial Sale

20   that is slightly altered from the proposed order submitted with its Motion.  For example, the

21   Order provides that the money paid by the buyer shall be deposited with the Court for

22   distribution, rather than with the IRS.  The alterations in the proposed Order are not material.

23   The terms of the proposed Order and Notice of Public Sale are reasonable and are

24   recommended to the District Judge for entry by the Court.

25   /////

26   /////

27   /////

28

---

[1] The Internal Revenue Code, Title 26 of the United States Code, is abbreviated "I.R.C."

3.   CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

a.     The plaintiff's Motion for Order of Judicial Sale be granted;

b.     The motion of the United States to Strike Sky Island Group's Motion to Cease and Desist be granted;

c.     The Proposed Order of Judicial Sale and Notice attached hereto be entered by the Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may filed written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


DATED: March 7, 2007.


DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE


Ddad1/orders.civil/wight0442.f&r

- 4 -