BENJAMIN B. WAGNER
United States Attorney

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:  (202) 307-6648

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEE D. WIGHT, ) <br> MARJORIE A. WIGHT, ) <br> SKY ISLAND GROUP, ) <br> REPUBLIQUE TRUST COMPANY LTD., ) <br> W.A.G./N.C.E. COMPANY, ) <br> AMERICAN SECURITIES COMPANY, ) <br> WELLS FARGO BANK, ) <br> TAHOE TITLE GUARANTY COMPANY, ) <br> GMAC MORTGAGE CORPORATION, ) <br> ) <br> Defendants. ) <br> ) | Civil No. CIV-S-98-0442 FCD DAD <br><br> **AMENDED JUDGMENT BY DEFAULT** |

The Court granted the United States' Motion for Entry of Default Judgment against defendants Lee D. Wight, Marjorie A. Wight, Sky Island Group, Republique Trust Company, Ltd., and W.A.G./N.C.E. Company.  The United States and GMAC Mortgage Corporation stipulated to GMAC's claim and, on May 8, 2000, the Court entered an order thereon.   The United States, American Securities Company, and Wells Fargo Bank stipulated to Wells Fargo's claim and, on June 5, 2001, the Court entered an order thereon.  On September 30, 1998, First American Title Insurance Company, as successor in interest to defendant Tahoe Title Guaranty Company, filed a Declaration of Non-Monetary Status and Disclaimer of Interest in this case.  This case is ripe for a final decision.

Judgment is hereby entered in favor of GMAC Mortgage Corporation, American Securities Corporation, and Wells Fargo Bank as set forth below. Judgment is hereby entered against First American Title Insurance Company, as successor in interest to defendant Tahoe Title Guaranty Company as set forth below. Judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is hereby entered in favor of the United States and against Lee D. Wight, Marjorie A. Wight, Sky Island Group, Republique Trust Company, Ltd., and W.A.G./N.C.E. Company as follows:

1. It is Ordered and Adjudged that the United States shall recover against Lee D. Wight the unpaid assessed balances of individual federal income taxes and accrued interest and penalties set forth below:

| TAX YEAR | TAX DEFICIENCY | BALANCE DUE[1] |
|---|---|---|
| 1983 | $164,067.00 | $1,343,169.80 |
| 1984 | $159,653.00 | $1,161,137.30 |
| 1985 | $143,452.00 | $923,688.77 |
| 1986 | $151,626.00 | $865,419.71 |
| TOTALS: | $618,798.00 | $4,293,415.58 |

Including tax, accrued interest, and penalties on the above-referenced assessments, there is due and owing as of August 1, 2001 to the United States from Lee D. Wight the total amount of $4,293,415.58, plus additional interest from August 1, 2001 pursuant to 26 U.S.C. § 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) until paid.

---

[1] With accruals of penalties and interest calculated to August 1, 2001.

2. It is further Ordered and Adjudged that United States shall recover against Marjorie A. Wight the unpaid assessed balances of individual federal income taxes and accrued interest and penalties set forth below:

| PERIOD | TAX DEFICIENCY | BALANCE DUE[2] |
|---|---|---|
| 1983 | $ 76,115.00 | $623,576.48 |
| 1984 | $ 72,791.00 | $603,517.60 |
| 1985 | $ 64,290.00 | $413,967.79 |
| 1986 | $ 67,942.00 | $394,486.08 |
| TOTALS: | $281,138.00 | $2,035,547.95 |

Including tax, accrued interest, and penalties on the above-referenced assessments, there is due and owing as of August 1, 2001 to the United States from Marjorie A. Wight the total amount of $2,035,547.95, plus additional interest from August 1, 2001 pursuant to 26 U.S.C. § 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) until paid.

3. The United States' Third Claim for Relief in its Amended Complaint in this case seeks to enforce federal tax liens on two properties.  The first property is located at 2685 Plumbago Court, Rocklin, California, (hereinafter referred to as the "Wight residence").  The Wight residence is situated in Placer County, California, and is more particularly described as follows:

> Lot 108, Sunset Country Club Unit No. 6, as shown on the map thereof filed in Book H of Maps and page 22, Placer County Records.

The second property is located at 121 West Grass Valley Street, Colfax, California, (hereinafter referred to as the "dental office property").  The dental office property is situated in Placer County, California, and is more particularly described as follows:

> Commencing at the quarter corner on the North line of Section 3, Township 14 North, Range 9 East, MDB&M., and running thence south 83° 43' 30" East 884.66 feet thence South 77° 51' 15" East 231.58 feet to a point on the North line of Grass Valley Street at the Southeast corner of the parcel to be described hereby, the point of beginning, from which point the Southeast corner of lot 12,

---

[2] With accruals of penalties and interest calculated to August 1, 2001.

3

       block 3, of the original town of Colfax bears South 77° 51' 15" East 499.45 feet; and running thence along the North line of Grass Valley Street North 77° 51' 15" West 49.58 feet; thence North 12° 08' 45" East 100.00 feet; thence South 77° 51' 15" East 70.46 feet; thence South 12° 08' 45" West 100.00 feet; thence North 77° 51' 15" West 20.88 feet to the point of beginning.

       4.     It is further Ordered and Adjudged that, as of January 11, 1993, the date of the assessments set forth in paragraphs 1 and 2, above, Lee D. Wight and Marjorie A. Wight owned, and thereafter continued to own, the Wight residence and the dental office property.  As of the date of this judgment, Lee D. Wight and Marjorie A. Wight own the Wight residence and the dental office property.

       5.     It is further Ordered and Adjudged that the United States has valid federal tax liens in the amounts set forth in paragraphs 1 and 2, above, against all property and rights to property of Lee D. Wight and Marjorie A. Wight, including but not limited to their interest in the Wight residence and the dental office property.

       6.     It is further Ordered and Adjudged that defendants Sky Island Group, Republique Trust Company, Ltd.,  W.A.G./N.C.E. Company, and Tahoe Title Guaranty Company have no interest in the subject property which is superior to that of the United States.

       7.     It is further Ordered and Adjudged that Sky Island Group, Republique Trust Company, Ltd., and W.A.G./N.C.E. Company are sham entities and the nominees and alter egos of Lee D. Wight and Marjorie A. Wight.

       8.     It is further Ordered and Adjudged that the transfers of the Wight residence and the dental office property to Sky Island Group, Republique Trust Company, Ltd., and W.A.G./N.C.E. Company are set aside as fraudulent.

       9.     It is further Ordered and Adjudged that the secured interests in the Wight residence of GMAC Mortgage Corporation and Wells Fargo Bank as set forth in the stipulations and orders dated May 8, 2000 and June 5, 2001,  the terms of which are incorporated here by this reference, are senior to the federal tax liens described above.

       10.    It is further Ordered and Adjudged that the federal tax liens on the Wight residence and the dental office property be enforced and the property sold pursuant to

28 U.S.C. § 2001.  The sales shall be free and clear of the interests of all defendants, including the secured interests of GMAC Mortgage Corporation and Wells Fargo Bank as set forth in the stipulations and orders dated May 8, 2000 and June 5, 2001, with the liens to follow the sale proceeds.  The sale proceeds shall be distributed to lienholders and applied to the tax liabilities as set forth in an Order of Judicial Sale and in accordance with the stipulations and orders dated May 8, 2000 and June 5, 2001.

The Court will issue a separate Order of Judicial Sale.

It is so Ordered and Adjudged.

Dated: March 16, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE