UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEE D. WIGHT, et al.,<br><br>Defendants. | No. 2:98-cv-0442 DAD DB PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Defendants Lee D. Wight and Marjorie A. Wight are proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). (ECF No. 318.)

On January 4, 2002, the Court entered judgment against defendant Marjorie Wight and in favor of the United States in the amount of $2,035,547.95. (ECF No. 165.) On December 30, 2021, the United States filed a motion to renew the judgment lien against defendant Marjorie Wight pursuant to 28 U.S.C. § 3201. (ECF No. 317.) On October 5, 2022, the matter was reassigned to the currently assigned District Judge and the undersigned. (ECF No. 318.) On October 6, 2022, the assigned District Judge referred the motion to renew to the undersigned. (ECF No. 319.)

Pursuant to 28 U.S.C. § 3201(c)(1) a judgment in a civil action creates a lien on all real property of the judgment debtor "effective . . . for a period of 20 years." However, a judgment

lien may be renewed for "one additional 20 year period upon the filing of a notice of renewal" if: (1) the notice is filed prior to the expiration of the 20-year period; and (2) "the court approves the renewal[.]" 28 U.S.C. § 3201(c)(2). "Although the statute provides that court approval is a necessary prerequisite to the renewal of a lien, no conditions to the renewal appear in the law[.]" Quan v. United States, Case No. 01-cv-0435 PJH, 2022 WL 4468267, at *1 (N.D. Cal. Sept. 26, 2022).

Here, there appears to be no reason to deny plaintiff's motion. The notice was filed prior to the expiration of the 20-year period. And no party has filed an opposition to the notice.[1]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's December 30, 2021 motion to renew (ECF No. 317) be granted; and

2. The judgment entered in this case on January 4, 2002, be renewed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 11, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\USAvWright0442.renew.mot.f&rs

---

[1] Plaintiff asserts that counsel for plaintiff contacted an attorney representing judgment debtor Marjorie Wight "in a related matter against the United States," and counsel "indicated that Ms. Wight does not contest the renewal." (Pl.'s Mem. (ECF No. 317-1) at 3.)